UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

|   |   |   |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Cr. No. 19-CR-0005-LM |
| v. | ) | |
| | ) | |
| JUSTIN McINNES | ) | |
| | ) | |

## DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA

NOW COMES the Defendant, Justin McInnes, by and through his counsel, Wilson, Bush & Keefe, P.C. ("the Defendant"), and hereby respectfully requests that this Honorable Court allow the Defendant to withdraw his plea of guilty in this matter pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B).  In support thereof, the Defendant submits the following:

## Factual Background

1.    The Defendant is charged with Prohibited Person in Possession of a Firearm allegedly in violation of 18 U.S.C. § 922(g)(1), Possession with Intent to Distribute a Controlled Substance allegedly in violation of 21 U.S.C. § 841 (a)(1), and Possessing a Firearm in Furtherance of a Drug Trafficking Crime allegedly in violation of 18 U.S.C. § 924(c)(1)(A).

2.    Due to the complexity of the Defendant's potential federal sentencing guideline analysis, counsel retained a federal sentencing guideline expert to conduct a federal sentencing guideline analysis in this matter.[1]  Counsel for the Defendant conducted such an

---

[1] Counsel informed the government on November 12, 2019, that he was going to consult with a sentencing guideline expert.

analysis prior to retaining such expert, but due to certain uncertainties, counsel sought the opinion of such an expert.

3.  Counsel received this expert's analysis and provided it to the Defendant. Based almost entirely this expert's analysis, the Defendant negotiated a plea agreement that the parties entered into under Rule 11(c)(1)(A) and (C) of the Federal Rules of Criminal Procedure.[2] The significant part of the Plea Agreement called for a minimum sentencing range of 228 months and a maximum sentencing range of 240 months.  See Plea Agreement, section 6, p. 6 (Document 20).

4.  The Defendant entered a change of plea pursuant to this Plea Agreement on December 16, 2019.  The Court may recall that the Defendant appeared prior to that day in order to enter a change of plea, but he did not want to do so that day and wanted additional time to consider the proposed plea.  The expert's guideline analysis played a dominating role in the Defendant's ultimate decision to enter pleas of guilty here.

5.  Subsequent to entering a change of plea pursuant to this Plea Agreement on December 16, 2019, the Defendant realized that the federal sentencing guideline expert made a critical erroring in his federal sentencing guideline analysis in the Defendant's case. Specifically, the expert incorrectly analyzed the potential drug weight in the case by misplacing a decimal point by three decimal places.  As a hypothetical example, the expert stated that the potential drug weight would be 10,000 grams whereas in this example it would only be 10 grams.  This was further confused by the conversion of grams to kilograms in the

---

[2] The Defendant also has charges pending in the State of New Hampshire (Hillsborough County Superior Court – Northern District), and the Hillsborough County Attorney's Office stated that it would agree to sentences on those charges concurrent to a sentence here if the Defendant pled guilty as outlined in the Plea Agreement.

expert's analysis.  The expert's original opinion concluded that the Defendant's guideline range was more than the sentencing range agreed to by the parties in the Plea Agreement.

6. After realizing this error, counsel notified the expert of it and asked him to recalculate the Defendant's potential sentencing guidelines.  The expert later advised that the Defendant's potential guideline exposure then resulted in a range lower than that agreed to in the Plea Agreement.  Upon information and belief, the government's own subsequent guideline calculation after counsel for the Defendant brought this issue to the attention to counsel for the government as well resulted in the government's guideline calculation being less than the sentencing range agreed to in the Plea Agreement.[3]

7. Based upon the Defendant entering a plea of guilty in this matter on the incorrect federal sentencing guideline calculation by his own expert, and the Plea Agreement calling for a binding sentencing range greater than what the Defendant actually faces, the Defendant now seeks to withdraw his prior plea of guilty.

**Legal Argument**

8. A defendant may withdraw a guilty plea before the court imposes a sentence if he shows "a fair and just reason for requesting the withdrawal." United States v. Sousa, 468 F.3d 42, 46 (1st Cir. 2006); see Fed. R. Crim. P. 11(d)(2)(B).  In determining whether a defendant has shown a sufficient reason for requesting a withdrawal of his plea, the Court considers "whether the plea was voluntary, intelligent, knowing and in compliance with Rule 11; the strength of the reasons offered in support of the motion; whether there is a serious

---

[3] Counsel understands that the government's guideline calculation if the Defendant pled guilty in this matter would be 170 to 190 months.  The low-end of this guideline range is 70 months less than the 'cap' sought by the government in the Plea Agreement.

claim of actual innocence; the timing of the motion; and any prejudice to the government if the withdrawal is allowed." United States v. Isom, 580 F.3d 43, 52 (1st Cir. 2009) (citing United States v. Padilla-Galarza, 351 F.3d 594, 597 (1st Cir. 2003)).  The "defendant bears the burden of demonstrating a 'fair and just reason' for seeking to withdraw his plea." United States v. Moore, 362 F.3d 129, 134 (1st Cir. 2004). The Defendant will address each of the five Rule 11 factors in turn as he demonstrates that there is a fair and just reason for the Court to allow him to withdraw his plea.

9.  The first factor – whether a plea is voluntary, intelligent, and knowing – is the most significant factor to consider in a Rule 11(d) analysis.  Isom, 580 F.3d at 52; United States v. Negrom Narvaez, 403 F.3d 33, 36 (1st Cir. 2005).  For a plea to be voluntary, intelligent, and knowing, the plea colloquy must comply with Rule 11(b)(1) and the defendant must be competent to enter the plea.  United States v. Santiago Miranda, 654 F.3d 130, 132–34 (1st Cir. 2011); United States v. Ramos, 810 F.2d 308, 312 (1st Cir. 1987).  The court must also "assess whether the defendant's plea was 'free from coercion, . . . and whether he understood the charges, and . . . consequences of the guilty plea.'" United States v. McMullin, 568 F.3d 1, 9 (1st Cir. 2009) (quoting United States v. Pagan-Ortega, 372 F.3d 22, 28 (1st Cir. 2004) (alterations omitted)).  Further, a defendant may show that his guilty plea was not voluntary, intelligent, and knowing by demonstrating that it was the product of his attorney's ineffective assistance.  See United States v. Fernandez-Santos, 856 F.3d 10, 17 (1st Cir. 2017); United States v. Dunfee, 821 F.3d 120, 128 (1st Cir. 2016).

10.  A defendant's ineffective assistance claim in the context of a motion to withdraw a guilty plea is analyzed under the familiar standard articulated in Strickland v. Washington, 466 U.S. 668 (1984).  See, e.g., United States v. Pellerito, 878 6 F.2d 1535,

4

1537 (1st Cir. 1989).  The court must determine (1) whether counsel's performance fell below the standard of performance of reasonably proficient counsel and (2) whether, by such inadequate performance, the defendant was induced to enter a guilty plea which he otherwise would not have entered.  United States v. Austin, 948 F.2d 783, 786 (1st Cir. 1991).  Counsel may be deemed responsible in this context regarding an expert witness.  See, e.g., Dugas v. Coplan, 428 F.3d 317, 341 (1st Cir. 2005) (defense counsel's failure to obtain expert opinion in arson case deemed ineffective assistance of counsel).

11.  Counsel submits that the expert's performance in the task for which he was specifically hired, and in which he bases his entire expertise, fell below the standard of a such a reasonably proficient expert.  Second, counsel for the Defendant can assert that the Defendant would not have entered his change of plea but for this expert's opinion about the Defendant's sentencing guideline exposure.  Essentially, the Defendant's change of plea was coerced due to the expert's erroneous opinion about the Defendant's potential sentencing exposure.  For this reason, it was not voluntary, intelligent, and knowing.

12.  Various circuit courts have ruled that counsel's incorrect advice regarding a potential sentencing range would satisfy this factor.  See United States v. Zweber, 913 F.2d 705, 712 (9th Cir. 1990) (defendant's plea may be involuntary based upon erroneous statements from counsel about potential sentencing term); see, e.g., Pitts v. United States, 763 F.2d 197, 201 (6th Cir. 1985) (holding that affirmative misstatements of the maximum possible sentence are sufficient to invalidate a guilty plea if the misstatements are material to a defendant's decision to plead guilty); United States v. Parker, 368 F.3d 963, 968-69 (in Rule 11 analysis, court considers whether the sentence the defendant actually received was within the warned range, United States v. Saenz, 969 F.2d 294, 297 (7th Cir. 1992), and

whether the defendant would have pled guilty if the error had not occurred, Saez, 969 F.2d at 297).  Again, the Defendant asserts without hesitation that he would not have pled guilty but for the expert's erroneous analysis of his federal sentencing guideline exposure.

13.     Regarding the second factor, the strength of the reason offered for the withdrawal of his plea, the Defendant submits that this reason is very strong.  The Defendant pled guilty in this matter believing he would receive a much higher sentence if convicted at trial.  Counsel submits that the Defendant would be assessed a lower sentencing range than that agreed to in the Plea Agreement if he went to trial and were convicted.

14.     As to the third factor, based upon the nature and reason for the Defendant's request to withdraw his plea, the Defendant asserts that the Court should not give this factor weight in this circumstance.  The foundation of allowing a defendant to withdraw his plea is based upon his presenting a 'fair and just reason' to do so.  Here, the Defendant agreed to plead guilty to a sentencing range higher than that he would likely receive if convicted after trial.  Allowing such a plea to stand would undercut the very idea that ours is a criminal justice based upon justice and fairness.  The Defendant notes that the Plea Agreement was made pursuant to Rule 11(c)(1)(C), whereby the Court could reject the sentencing stipulation in the Plea Agreement, and that would allow the Defendant to withdraw his plea.

15.     The fourth Rule 11 factor is the timing of the motion. "The timing of a motion to withdraw a guilty plea is important . . . because it is 'highly probative of motive.'" Fernandez-Santos, 856 F.3d at 18 (quoting United States v. Doyle, 981 F.2d 591, 595 (1st Cir. 1992)).  "'While an immediate change of heart may well lend considerable force to a plea withdrawal request, a long interval between the plea and the request often weakens any

claim that the plea was entered in confusion or under false pretenses.'" Id. (quoting Doyle, 981 F.2d at 595).

16.     Here, almost immediately upon discovering and verifying that the expert had made such a grievous error, the Defendant informed the government that he wished to withdraw his plea. The Defendant also informed probation of this some months ago, and he has already submitted this to the Court in various motions to continue his sentencing. Counsel for the Defendant informed the government sometime prior to May 29, 2020, that the Defendant would seek to withdraw his plea based upon the sentencing guideline error made by the expert.

17.     Regarding the last factor, prejudice to the government, this factor as well is in favor of the Court allowing the Defendant to withdraw his guilty plea.  The charges against the Defendant do not involve civilian victims who would have to testify about any alleged trauma they suffered, and this is generally a factor to be considered by the Court in this regard.  See United States v. Santiago-Rivera, 805 F.3d 396, 398 (1st Cir. 2015) ("We also recognize the severe prejudice that the government would face were Santiago–Rivera permitted to withdraw his guilty plea, and the burden that his victims would face were they forced to relive the trauma 26 inflicted upon them so long after they believed this case had ended."); see also Dunfee, 821 F.3d at 131 ("Finally, we find that both the government and Dunfee's victims would have been prejudiced by a withdrawal of his plea, further tipping the scales in favor of affirmance.").  Here, there are no such concerns as nearly all of the witnesses would be law enforcement or otherwise considered government-related witnesses.

18.   For all of these reasons, the Defendant's change of plea was not voluntary, intelligent, and knowing, and there is a fair and just reason to allow the Defendant to withdraw his plea.

WHEREFORE, the Defendant, Justin McInnes, respectfully requests that this Honorable Court:

A.   Allow him to withdraw his plea; and

B.   Order any other just and equitable relief.

Respectfully submitted,

Justin McInnes
By and through his counsel,

DATED:  August 14, 2020                /s/Charles J. Keefe
                                       Charles J. Keefe (N.H. Bar No. 14209)
                                       Wilson, Bush & Keefe, P.C.
                                       378 Main Street
                                       Nashua, NH 03060
                                       (603) 595-0007
                                       keefe@wbdklaw.com

## Certificate of Service

I, Charles J. Keefe, hereby certify that true copies of the above document were delivered to AUSA Anna Krasinki, Esq., and the United States Probation Office.

/s/Charles J. Keefe
Charles J. Keefe